Per Curiam.

The proper course for the plaintiff, if he wishes to avail himself of the objection, that the plea was not pleaded in season, is by motion to set it aside, and not by demurrer. On demurrer, this court are to judge, from the plea itself, whether it is sound in form or substance, and not whether it was put in within the regular time for pleading such a plea. It rests in the discretion of the court to receive it, or not, even after more than one continuance between the time that the matter of the plea arose, and the coming in of the plea, and this discretion will be governed by circumstances extrinsic, and which cannot appear on the face of the plea. (Bancker v. Ash, 9 Johns. Rep. 250. Morgan v. Dyer, 9 Johns. Rep. 255.)
But the plea is intrinsically bad in not setting forth matter enough to give the first judge of the county of Onondaga jurisdiction in the case. To have given him that jurisdiction, under the act of the 3d of April, 1811, it ought to have been stated that the defendant had been, for three months preceding the petition, an inhabitant of that county, or that he was in prison there. The imprisonment upon civil process was a fact that must have existed, to entitle the insolvent to petition, and the judge to act upon it. It has always been held to be essential that the plea should state sufficient to show that the judge was authorized to proceed, and if that be done, then the discharge would be evidence of the siibgff *166 quent proceedings. (Service v. Heermance, 1 Johns. Rep. 91. Frary v. Dakin, 7 Johns. Rep. 75.)
The plaintiff is, accordingly, entitled to judgment, with leave, however, to the defendant, to amend his plea, on payment of costs, and the plaintiff may, thereupon, if he pleases, discontinue without costs. (a)

 The same judgment was given in the case of Boardman against Ives, which was an action of assumpsit the defendant pleaded non assumpsit: and afterwards put in a plea puis darrein continuance, of his discharge under the insolvent act of the Sd April, 1811, before the commissioner in Oneida county. The defendant replied that the discharge was obtained by fraud, to which there was a demurrer and joinder.
On the argument, the counsel for the plaintiff admitted that the replication could not be supported, but relied on the plea being bad, and stated the same objections as were made to the plea in the above case of Morgan & Smith v. Dyer.
Sill, for the plaintiff.
Randall and N. Williams, for the defendant.