## ORANGE COUNTY BANK vs. DUBOIS.

A sheriff who holds an execution *against the property* of the defendant in the process, is not bound, *it seems*, to suspend proceedings on the production to him of an *insolvent's discharge* granted to the defendant ; at all events, if he do so, he incurs the peril of an action against him, if the discharge be shown to be *void*.

In an action against a sheriff who under such circumstances suspended proceedings, and did not return the execution, and the jury found that the property of which the defendant was possessed *belonged to a third person*, and consequently that the plaintiff was not entitled to recover, the court *refused to grant a new trial;* although the verdict was not warranted by the evidence—it appearing that the sheriff on being served with the *discharge*, informed the plaintiff's attorney of the fact and desired his instructions ; that no instructions were given ; and that the defendant in the execution had become *insolvent*.

THIS was an *action on the case*, tried at the Ulster circuit, in May, 1837, before the Hon. CHARLES H. RUGGLES, one of the circuit judges.

The suit was brought against the defendant as sheriff of the county of Ulster, for neglect of duty, in not bringing into court the amount of an execution, a *fi. fa.* put into his hands for collection in favor of the plaintiffs against D. S. Tuthill. The judgment upon which the execution issued was rendered for $735 96, in May term, 1828, and the execution was delivered to a deputy of the sheriff 15th November, 1830, who within a few days thereafter made a levy upon property in the possession of *Tuthill*, to an amount amply sufficient to satisfy the execution. Pre-

vious to this time, to wit, on 7th November, 1829, Tuthill had obtained a *discharge* as *an insolvent debtor* from all debts owing by him, (under the *two-third* act,) and in the inventory of his debts, presented to the commissioner, together with his petition, was included the debt of the plaintiffs. Tuthill apprised the deputy of those facts, and claimed that his property was not subject to execution for the satisfaction of debts from which he had been discharged. The deputy wrote to the attorney of the plaintiffs, who had issued the execution, informing him of the discharge, and requesting his instructions; desiring at the same time an indemnity, should he direct him to proceed, as without it he should not feel safe in so doing. No answer being received to this letter, all further proceedings under the execution were suspended by the deputy. On the trial of the cause the defendant set up two defences : 1. The discharge ; and 2. That the property in possession of *Tuthill*, at the time of the levy did not belong to him, but that *A. D. Soper* was the owner thereof. The *insolvent discharge* and all the papers relating to the obtaining thereof was read in evidence, and the counsel for the plaintiff insisted, 1. That the discharge did not constitute a bar to this action ; and 2. If an insolvent discharge was a bar to an action of this kind, that the discharge in this case could not so operate, as on the face of the proceedings it had been *fraudulently* obtained, and consequently was void ; which questions were reserved by the judge to be decided *in bank*, if necessary. In relation to the other defence, much testimony was given. Soper claimed to hold the property under an assignment executed to him by Tuthill, on 4th *September*, 1830, and it was shown that *Tuthill* had become *insolvent*. The only question submitted to the jury was as to the *bona fides* of the assignment. The jury found a verdict for the *defendant ;* thereby establishing the *bona fides* of the transaction and that *Tuthill* was *not the owner* of the property at the time of the levy. The plaintiffs ask for a new trial.

*I. R. Van Duzer & J. A. Spencer*, for the plaintiffs, who in support of one of the positions contended for by them,

Orange Co. Bank v. Dubois.

viz. that the sheriff was bound to proceed under the execution, notwithstanding the discharge, cited 8 Cowen, 65, 192; 18 Johns. R. 52; 1 Wendell, 32.

*M. T. Reynolds*, for defendant.

*By the Court*, NELSON, Ch. J. It appears to be well settled, in respect to the *privilege of the person* of the defendant from arrest, that the sheriff may take notice of it, and decline executing the process; but this is under the peril of showing, if prosecuted, that the exemption is well founded. Dougl. 671. 2 Black. R. 1190. 11 Johns. R. 433. If he does arrest, no action will lie against him. Id. I doubt whether this rule should be applied in respect to *process against property*, where the defendant has been discharged from the judgment under the insolvent laws. The defendant in the execution should, in such case, be driven to his motion for relief, as the delay in the application to the court can work no great injustice. But if the officer should be allowed to notice the discharge it should be under the risk of showing, if proceeded against by the plaintiff in the execution, a case that would entitle the defendant to have the process set aside.

I am aware that the discharge under the *two-third* act has been held conclusive on a motion to discharge from arrest on filing common bail. 1 Cowen, 50, and cases there cited. A different practice, however, prevails under the act of 1819, abolishing imprisonment for debt in certain cases. 1 Cowen, 226. But I do not believe we should apply the above rule to the case of an application to relieve the *property* from seizure by execution, on account of the discharge—the plaintiff should be allowed to question its validity.

Conceding the discharge in this case to be void, of which there cannot be much doubt, the question whether the property was even then subject to the execution still existed, and was properly submitted to the jury, under the peculiar circumstances of the case. I say properly submitted, because no objection is made to the charge. If the question had been between the plaintiffs and *Soper*, we might have been

inclined to interfere with the verdict; indeed, as between them it could not be sustained. But we cannot fail to see that the plaintiffs have, in some measure, been instrumental in producing a result of which they now complain, and upon which they seek to found their right to a recovery. The sheriff applied at once to the attorney for instructions when the discharge was produced, advising him of the fact, and requesting an indemnity if he desired him to proceed. It is not denied but that the letter was received, and no answer was given. The officer might well conclude that the plaintiffs did not intend to contest the discharge or seek to hold the property. They were not bound to give the indemnity, but they should, at least, have advised the sheriff of their determination, whatever it might be. The jury were justified in taking the most favorable view of the transaction for the defendant, as it would be unjust now to hold him accountable for the property after it has passed beyond his control, and the defendant in the execution has become bankrupt.

New trial denied.