## RUCKMAN *vs.* COWELL.

Where the form of the pleadings is such that a party has had no opportunity of setting up fraud in avoidance of a bankrupt's discharge, he may give the fraud in evidence on the trial without having pleaded it.

Accordingly, where a party who was sued in trespass for taking goods, pleaded not guilty and gave notice of justification under a judgment and execution against the plaintiff, and on the trial the plaintiff proved his discharge as a bankrupt obtained after the judgment was rendered; *held,* that the defendant might give fraud in evidence so as to avoid the discharge.

In pleading a bankrupt's discharge, the facts on which jurisdiction depends must be averred; but when the discharge is offered in evidence, jurisdiction will be presumed until the contrary appears. *Per* BRONSON J.

The circuit and district courts of the United States, though of limited jurisdiction, are not inferior courts in the technical sense of the term. *Per* BRONSON, J.

A valid discharge in bankruptcy extinguishes a judgment, so that the creditor who seizes the bankrupt's goods by virtue of the judgment and execution thereon, may be charged as a trespasser, even if he have no knowledge of the discharge. *Per* BRONSON, J.

But otherwise as to the officer making the levy. He is protected by the process regular on its face.

ERROR from the supreme court, where Cowell sued Ruckman in *trespass de bonis,* &c. The cause was tried at the Albany circuit in October, 1844, before PARKER, circuit judge, and a verdict had for the plaintiff. The defendant moved in the supreme court for a new trial on a bill of exceptions, which motion was denied by that court and judgment rendered for the plaintiff. The facts are sufficiently stated in the opinion of BRONSON, J.

*S. Stevens,* for the plaintiff in error.

*H. G. Wheaton,* for the defendant in error.

BRONSON, J. The case may be stated in few words. Cowell brought an action of trespass *de bonis asportatis* against Ruckman in the supreme court; the defendant pleaded not guilty, and gave notice of justification under a judgment and execu

tion in his favor, against the plaintiff.   On the trial, the plaintiff proved the taking of the goods by the sheriff of New-York upon an execution in favor of the defendant against the plaintiff; and there rested his cause.   The defendant then gave in evidence the *fieri facias* under which the sheriff acted, and the judgment on which the execution issued.   The judgment was recovered on the 8th day of February, 1841, upon two promissory notes made by the plaintiff in 1840.   The plaintiff then offered in evidence his discharge as a voluntary bankrupt under the act of 1841, granted by the district court of the United States for the northern district of New-York on the 25th day of July, 1842.   The defendant objected to the admission of this evidence on several grounds: 1. The evidence was immaterial, and if admitted, would not subject the defendant to an action of trespass for taking the property ; 2. The plaintiff must show that the district court acquired jurisdiction to grant the discharge ; and 3. The act of congress under which the discharge was granted was unconstitutional and void.   The court overruled all of these objections, and the discharge was given in evidence.   It purported to have been granted on the petition of the bankrupt.   The defendant then offered evidence to prove that the plaintiff had been guilty of such acts of fraud as would, by the bankrupt act, avoid the discharge.   This evidence was rejected by the court, on the ground that the defendant had not given the plaintiff notice of the frauds which he proposed to prove.   The defendant excepted to this, and the other decisions of the court ; and verdict and judgment having passed for the plaintiff, the defendant now brings error.

1. If the discharge was valid, it extinguished the judgment ; and the defendant was a trespasser for afterwards acting under it.   As the execution was regular upon its face, and issued from a court of competent jurisdiction, it was a protection to the officer who made the levy ; but it could not justify the party at whose instance it was issued.   He acted at his peril.   It is true that he may have been ignorant of the discharge ; but that was his misfortune.   Having seized the goods without authority, it

Ruckman v. Cowell.

was a trespass for which he must answer, however innocent he may have been of any intention to do an illegal act.

2. In pleading a bankrupt's discharge it has been held neces sary to show that the court had jurisdiction to grant it, by averring the existence of the facts on which jurisdiction depended. (*Sackett* v. *Andross*, 5 *Hill*, 327 ; *Stephens* v. *Ely*, 6 *id*. 607. And see *Morgan* v. *Dyer*, 10 *John*. 161 ; *Jenks* v. *Stebbins*, 11 *id*. 224.) But when the discharge is given in evidence, jurisdiction to grant it should be presumed until the contrary appears. It would be otherwise if the discharge were granted by a commissioner, or a court of strictly inferior jurisdiction. But the district and circuit courts of the U. States, though of limited jurisdiction, are not inferior courts in the technical sense of the term. If jurisdiction do not appear upon the proceedings, their judgments and decrees will be reversed on error or appeal. But they are not nullities, which may be disregarded in a collateral proceeding. (*McCormick* v. *Sullivant*, 10 *Wheat*. 192.) In this respect the district and circuit courts of the United States stand on the same footing as courts of general jurisdiction ; and the authority of such courts is always to be presumed, until the contrary is shown. It is true that the bankrupt act does not, in terms, give any effect to the discharge except " when *duly* granted." (§ 4.) But the law presumes that it was duly granted, until the contrary appears.

3. The rejection of the evidence to impeach the discharge for for fraud was, I think, clearly wrong. True, the 4th section of the bankrupt act says, in effect, that the discharge may be impeached for fraud *on prior reasonable notice* specifying in writing such fraud. But that means no more than that notice shall be given where the case is such that the fraud may be pleaded ; and not that the creditor must plead the fraud at his peril where, as in this case, he had no opportunity to do it. If the debtor, on being sued, pleads his discharge, the creditor must reply the fraud, or he will not be allowed to prove it on the trial. But that rule cannot apply where, as in this case, the discharge is given in evidence without having been pleaded, and consequently where the creditor could not plead the fraud

If there had been negative words in the statute, as that the discharge should only be impeached when the fraud was plead ed, they would hardly be construed as applying to a case where the creditor had no opportunity to plead the fraud. But there are no negative words in the statute.

The same question may arise about giving the discharge in evidence in favor of the debtor. The 4th section provides, that the discharge shall and may be *pleaded* as a full and complete bar to all suits. If the bankrupt, when sued, omits to plead the discharge, he cannot give it in evidence. But where the form of the pleadings is such as to afford him no opportunty of pleading the discharge, there can be no doubt that it may be given in evidence on the trial without notice. It was so given in evidence in this case, though there was about as much ground for rejecting it, as there was for rejecting the answering evidence which was offered by the creditor. There was, I think, no ground for rejecting either of them.

There are many cases in the law where a party must plead or give notice of the particular matter which he intends to prove on the trial, or he will be precluded from proving it; but so far as I can recollect, the rule never applies where the party had no opportunity, in the regular course of pleading, of setting the matter up. I see no good reason why an exception should be made in this case.

I have considered the question as though the defendant knew of the discharge at the time of pleading. But there is no evidence of that fact, nor any sufficient ground for presuming it. It may well be that he never heard of the discharge until it was offered in evidence on the trial. The bankrupt law did not require personal service of notice upon creditors, and it often happened that they did not hear of the application until after the debtor was discharged. I well recollect that in several motions which were before the supreme court while I sat in it, the creditor made affidavit that he never heard of the proceedings in bankruptcy until the discharge was set up in answer to an action. It will be presumed, for the purpose of upholding the discharge, that such notice was given as the statute requires.

(*Norriss* v. *Goss*, 2 *Spear's Law Rep.* 80.) But that is not actual notice; nor is the presumption to be indulged for any other purpose than that of giving effect to the discharge. There are many cases where the publication of a notice in a newspaper is made to supply the place of process to bring the party into court; and such notice will be sufficient to uphold the proceedings. But it proves nothing against the party in relation to any other matter.

My opinion that the voluntary branch of the bankrupt law, un der which branch this discharge was obtained, is unconstitutional, has already been declared; (*Sackett* v. *Andross*, 5 *Hill*, 327 ;) and time and reflection have only served to confirm me in that conclusion. But as this judgment must be reversed on another ground, it is not necessary that the court should pass upon that question on the present occasion.

I am of opinion that the judgment should be reversed, and a *venire de novo* be awarded.

Ordered accordingly.