By the Court. Campbell, J.
It cannot be disputed that the action in the Common Pleas, and the recovery, were exclusively upon the' instrument or bond executed by Mills & Sleight. The action was, therefore, upon a contract merely. The difference between the sum mentioned in the bond, and the recovery, viz., $500, arose, no doubt, from the referee’s finding the latter sum to be the value of the goods actually taken by Mills & Sleight. There is nothing apparent on the record, or otherwise, in the case, to show that the present plaintiff could have been arrested under the 179th section of the Code. (See § 288.) It was a plain case of false imprisonment.
The client is responsible for the acts of his attorney, affecting the rights of the parties to the record. Assuming that Leavenworth was wholly ignorant of the issuing of the execution, he is yet responsible for an arrest under an execution which was not warranted by any judgment. (Taylor v. Trask, 7 Cowen, 261.)
The liability of the attorney, who was the direct agent to authorize the arrest, is still more clear. (Deyo v. Van Valkenburgh, 5 Hill, 242.)
The judgment must be affirmed, with costs.