BARRON, appellant, v. BOYD, sheriff, etc.

*Sheriff — seizure of property exempt under United States bankrupt law — how far process protects — replevin.*

The plaintiff had been declared a bankrupt under the United States bankruptcy law, and an assignee appointed who had, under the provisions of that act, set apart to plaintiff a piano. Defendant, a sheriff, by virtue of an execution against plaintiff, issued upon a judgment which had been entered before the bankruptcy proceedings were commenced, seized upon the piano. *Held,* that the sheriff was protected by his process, and that an action to recover the piano would not lie.

The rule that an officer is protected against an action by his process applies as well in an action of replevin as in other actions.

APPEAL from a judgment in favor of the defendant at the Steuben circuit.

The action was brought to obtain the delivery to the plaintiff of a piano which was taken by the defendant who was the sheriff of Steuben county, upon process issued against the plaintiff, the plaintiff claiming that the property was exempt from execution.

In April, 1867, the plaintiff was the owner of the piano in question. On the twenty-fifth of that month he was adjudicated a bankrupt. Subsequently a meeting of his creditors was held, an assignee was chosen who was appointed and qualified, and the property of the bankrupt was assigned to him. The assignee duly made and filed his report of property set apart to the bankrupt under section 14 of the bankrupt act, and among the articles so set apart was the piano. No exceptions to the report of the assignee were filed.

The piano was taken upon an execution issued upon a judgment in the supreme court recovered by one Wm. McElwain, January 21, 1871. At the first meeting of creditors in the bankruptcy proceedings such judgment was proved as a debt against the estate of the bankrupt. The execution was issued September 5, 1872, and the piano was replevied September 11.

*Wm. Rumsey*, for appellant. The State court has jurisdiction of this action. *Gilbert* v. *Priest*, Gen. Term Fourth Dept., January, 1873; *Hanson* v. *Herrick*, 100 Mass. 323; *Middlebrook* v. *Broadbent*, 47 N. Y. 443; *Teall* v. *Felton*, 1 N. Y. 537; S. C. affirmed, 12 How. (U. S.) 284; *Voorhees* v. *Frisbee*, 7 Alb. L. J. 69; *Knowlton* v. *Moseley*, 105 Mass. 136; *McCormick* v. *Sullivant*, 10 Wheat. 192; 1 U. S. Stat. at Large, 76, § 9; U. S. Bankrupt Law, §§ 1, 2; *Peck* v. *Jenness*, 7 How. (U. S.) 612; *Diggs* v. *Wolcott*, 4 Cranch, 179; *Matter of Campbell*, 7 Am. Law Reg. N. S. 100; *Matter of Burns*, id. 105; *Carroll* v. *Carroll's Lessee*, 16 How. (U. S.) 275; *Orton* v. *Smith*, 18 id. 263; *Clark* v. *Bininger*, 9 Am. Law Reg. N. S. 304; *Tenth Nat. Bank* v. *Sanger*, 42 How. Pr. 179; *In re Lambert*, 2 Bankr. Reg. 138; *In re Gainey*, id. 163.

The property set apart to the bankrupt cannot be taken on execution, but is exempt. *In re Hambright*, 2 Bankr. Reg. 157.

*J. F. Parkhurst*, for respondent. The piano was not exempt from seizure upon execution. *Davis* v. *Prosser*, 32 Barb. 290; *Griffin* v. *Sutherland*, 14 id. 456; *Van Sickler* v. *Jacobs*, 14 Johns. 434; *In re Hunt*, 5 Bankr. Reg. 493; *Fehley* v. *Barr*, 66 Penn. St. 196;

*Tuesley* v. *Robinson*, 103 Mass. 558; 4 Am. Rep. 575; Bump on Bankruptcy (5th ed.), 133.

The defendant was protected by his process. (*A.*) He need not look beyond his process to ascertain if it is regular. *Lavacool* v. *Boughton*, 5 Wend. 170; *Wilcox* v. *Smith*, id 231; *McGuinty* v. *Herrick*, id. 240; *Earl* v. *Camp*, 16 id. 562; *Horton* v. *Hendershot* 1 Hill, 118; Crocker on Sheriffs (2d ed.), 126; *Parmalee* v. *Hitchcock*, 12 Wend. 96; *Dominick* v. *Eacker*, 3 Barb. 17; *Bacon* v. *Cropsey*, 8 N. Y. 195; *People* v. *Warren*, 5 Hill, 440; *Webber* v. *Gay*, 24 Wend. 485. (*B.*) The setting off of the property by the assignee was not such an exemption as would render the defendant liable in this action. Code, § 206; *Orange Co. Bank* v. *Dubois*, 21 Wend. 353; Crocker on Sheriffs (2d ed.), 220; *Ruckman* v. *Cowell*, 1 N. Y. 505; *Rideal* v. *Fort*, 11 Exch. 847; 2 Gazzam's Bankruptcy Dig. 824, § 12.

The remedy of plaintiff was by motion to the bankruptcy court to control the process. *Knapp* v. *Smith*, 27 N. Y. 281; U. S. Bankrupt Law, § 21; *Daggett* v. *Emerson*, 1 Woodb. & M. 195; 3 McLean, 281; *Cornell* v. *Dakin*, 38 N. Y. 253; 1 Clinton's Dig. 323; Bump on Bankruptcy (5th ed.), 387; *Palmer* v. *Hutchins*, 1 Cow. 42; *Baker* v. *Taylor*, id 165; *Sharman* v. *Howell*, 40 Ga. 257; 2 Am. Rep. 576; *Palmer* v. *Merrill*, 57 Me. 26.

TALCOTT, J.  The defendant, as sheriff of Steuben county, seized and took in execution the piano of the plaintiff, by virtue of an execution against the plaintiff, regular on its face and issued by a court of competent jurisdiction. He was not bound to look beyond his process, and whatever may have been the effect of the bankruptcy proceedings upon the judgment on which the execution was issued, the officer is protected against an action. *Orange Co. Bank* v. *Dubois*, 21 Wend. 351; *Ruckman* v. *Cowell*, 1 N. Y. 505; Crocker on Sheriffs, 220.

This rule applies as well in an action of replevin as in other actions. *Webber* v. *Gray*, 24 Wend. 485 ; *Bullis* v. *Montgomery*, 50 N. Y. 352.

It is claimed that the piano was exempt from levy and sale upon a debt existing previous to the bankruptcy by reason of its having been set apart to the plaintiff as a bankrupt by the assignee under the provisions of the bankrupt law.

But this the sheriff could not know. It is not described as exempt in any statute. It seems to us that the case is brought within the principle of the cases before cited.

In *Ruckman* v. *Cowell, supra,* which was the case of a levy upon the effects of a bankrupt after his discharge, the court, by Judge BRONSON, says: " As the execution was regular on its face, and issued from a court of competent jurisdiction, it was a protection to the officer who made the levy, but it could not justify the party at whose instance it was issued. He acted at his peril. It is true that he may have been ignorant of the discharge, but that was his misfortune." In such a case as this we think the remedy of the bankrupt to have the levy discharged is by application to the court as is held in the case of *The Orange Co. Bank* v. *Dubois, supra,* or to the court in bankruptcy.

The State courts, it is to be presumed, will take care that their process does not come in conflict with the bankrupt law, as in the case of this very piano, as to which a levy was set aside by this court.

The judgment must be affirmed.

*Judgment affirmed.*