LEO *v.* JOSEPH *et al.*

*(Supreme Court, General Term, First Department.   April 18, 1890.)*

1. BANKRUPTCY—COMPOSITION—SUPPLEMENTARY PROCEEDINGS.
    A discharge of a bankrupt in composition proceedings, after a previous refusal to grant him a discharge because of fraud, is binding on all creditors of whom the court had jurisdiction, and is a bar to supplementary proceedings based on a judgment obtained by one of such creditors after the refusal of the discharge, but before the adjudication in the composition proceedings.

2. SAME—JUDGMENT OF STATE COURT.
    The failure of the bankrupt to avail himself of Code Civil Proc. N. Y. § 1268, providing that a bankrupt may make a motion within two years from his discharge to cancel of record a judgment rendered against him, in no manner authorizes the enforcement of the judgment discharged by the bankruptcy proceedings.

Appeal from special term, New York county.

Action by Arnold Leo against Israel Joseph and Joseph Albert Joseph. Plaintiff appeals from an order dismissing supplementary proceedings upon the ground that the judgment entered in the action had been discharged by bankruptcy proceedings.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Leopold Leo*, for appellant.   *M. H. Regensburger*, for respondents.

VAN BRUNT, P. J.   In February, 1876, the judgment debtors were declared bankrupts, and in May or June of that year they applied for a discharge. The judgment creditors herein, and other creditors, filed specifications in opposition, and testimony was taken; and the discharge was denied by the district court on the ground of fraudulent conveyance of property by the debtors in violation of section 5110 of the Revised Statutes of the United States.   On the 5th of September, 1879, the judgment creditor brought his action in this court; and, upon the failure of the judgment debtor to appear, judgment was entered in November, 1880, for the sum of $4,670.94.   In November, 1884, the judgment debtor filed a petition in the United States district court asking leave to compound, and against the opposition of the judgment creditor, who claimed the right to oppose by reason of the judgment obtained by him after the denial of the discharge and before the composition proceedings.   A resolution was passed accepting the offer of composition, and the district court ordered the debtor's statement to be filed and the resolution to be recorded, which order of the district court was affirmed by the circuit court upon appeal in 1885.   *In re Joseph*, 24 Fed. Rep. 137.   In September, 1889, the judgment creditor applied to this court for an order for the examination in supplementary proceedings of the judgment debtors, and upon the return of this order the objection was taken that the judgment forming the basis of the order for examination had been discharged upon the confirmation of the composition proceedings and tender of the amount payable thereunder.   This objection was sustained and the supplementary proceedings were dismissed, and from the order thereupon entered this appeal is taken.

It is urged upon the part of the plaintiff that, because of the refusal to grant the discharge in May or June, 1876, upon the ground that the debtors had been guilty of fraud, and the judgment herein having been obtained subsequent to such refusal, such judgment was not affected by the discharge in the composition proceedings, because by section 5110 of the Revised Statutes it is provided that no discharge shall be granted, or, if granted, shall not be valid, where fraudulent conveyances have been made.   The question of the right of the United States court to entertain the application for discharge in composition proceedings after the previous refusal of the court to grant a discharge has been considered both by the district and circuit courts, and has been determined in opposition to the views sought to be impressed upon this court in these proceedings, and we see no reason to differ from the conclusions which were there arrived at.   It would have been good ground, undoubtedly, for the district court to have refused the composition, if they had thought proper so to do; but, having heard the allegations of the parties, having considered the opposition made, and having determined that it was proper to grant the discharge, that adjudication was binding upon the plaintiff, and cannot be reviewed in these proceedings.   The provisions of section 5103 (amended by Act June 22, 1874, § 17; Supp. 1874–81, p. 74,) in respect to the effect of a discharge in the composition are that "the provisions of a composition accepted by such resolution in pursuance of this section shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed."   It is not claimed but that the plaintiff was one of the creditors in this class, and consequently the proceedings which resulted in the discharge were binding upon such creditor, according to the very provisions of the act itself.

It is claimed, however, that the objections of the judgment debtor cannot be raised at the present time, because he did not avail himself of the provisions of Code Civil Proc. § 1268, which provides that the defendant may make a motion within two years from the discharge to cancel the judgment

of record. It is true that no such motion has been made, but that in no manner revives the judgment. It prevents the judgment debtor from availing himself of the summary remedy given by the Code for the cancellation of the judgment of record, but it in no manner authorizes the enforcement of the judgment discharged by bankruptcy proceedings.

Upon an examination of the whole case, therefore, it seems to us that the question as to whether the discharge should be granted under the circumstances was one for the United States courts to determine, and that their determination was binding upon all the parties of whom they had jurisdiction, and of which the judgment creditor in this case was one. He was heard urging the same objections which he now presents to the granting of the discharge in the composition proceedings, and notwithstanding such objections the discharge was granted. This adjudication we do not think that we can review here; and we are of opinion that, upon the confirmation of the composition proceedings and the tender of the amount payable thereunder, the plaintiff's judgment was discharged, as stated in the opinion of the court below. The order appealed from should be affirmed, with $10 costs and disbursements.