### COHEN v. PINKUS.

(Supreme Court, Appellate Division, First Department. June 19, 1908.)

1. BANKRUPTCY—DISCHARGE OF BANKRUPT—DEBTS NOT DULY SCHEDULED—
   ACTUAL NOTICE TO CREDITOR.

   Plaintiff recovered a judgment against defendant in January, 1901, which was docketed in February of that year, but no execution issued thereon, and in February, 1908, plaintiff moved for leave to issue execution. Defendant's affidavit answering this application alleged his discharge in bankruptcy in December, 1905, and the plaintiff had due notice of his petition in bankruptcy which was filed on September 12, 1905, and plaintiff's debt was included in the schedule, but was scheduled under the name of "L. C.," instead of "M. C.," the former being the name by which he had always known plaintiff, and defendant also submitted an affidavit of another witness, stating that on September 12, 1905, plaintiff told affiant that he knew defendant had filed a petition in bankruptcy, and in reply to defendant's affidavits plaintiff's attorney affirmed that he had examined the bankruptcy petition, and that plaintiff was not mentioned as a credit-

or therein, but did not deny the facts alleged in defendant's affidavits, but admitted he had received notice from defendant's attorney of the bankruptcy proceedings and offered no opposition thereto. *Held* that, assuming that the listing of plaintiff's debt in another name as stated was not sufficient under section 17 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3428]), the fact that, after the proceeding was commenced, plaintiff had notice or actual knowledge of the proceeding in bankruptcy, discharged the indebtedness.

2. SAME—EFFECT—DISCHARGE OF JUDGMENT.

    Where a debt was discharged by the bankruptcy of the debtor, his liability upon the judgment therefor was also discharged, and an application for leave to issue execution thereon will be denied.

    Laughlin, J., dissenting.

Appeal from Special Term.

Action by Max Cohen against Louis Pinkus. From an order granting leave to issue execution, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Abraham B. Schleimer, for appellant.

Greenthal & Greenthal, for respondent.

INGRAHAM, J. The plaintiff recovered a judgment against the defendant in the Municipal Court of the city of New York on the 17th of January, 1901, which judgment was duly docketed in the county of New York on the 1st of February, 1901. No execution was issued on this judgment, and in February, 1908, the plaintiff moved for leave to issue execution In answer to this application, the defendant submitted an affidavit, alleging his discharge in bankruptcy granted by the United States District Court on the 4th of December, 1905; that the plaintiff had knowledge of the petition in bankruptcy, and received due notice thereof; that the petition in bankruptcy was filed on the 12th of September, 1905, this debt being included in the schedule, but, as the defendant had always known the plaintiff under the name of "Louis" Cohen, it was scheduled under that name. There was also submitted an affidavit of one Feuerberg, who deposed that shortly after the 12th of September, 1905, he had a conversation with the plaintiff in which deponent stated to the plaintiff that the defendant had filed a petition in bankruptcy, and that the plaintiff made a reply that indicated that he knew about it. In reply to these affidavits, there was submitted an affidavit of the plaintiff's attorney, who deposed that he had examined the petition, and states positively that the plaintiff was not mentioned as one of the creditors in the proceeding. There was no affidavit submitted by the plaintiff denying the statement that he had been informed of the bankruptcy proceedings shortly after the 12th of September, 1905, or that the debt of the plaintiff was not inserted in the schedules under the name of "Louis" Cohen, the name by which the defendant had been known to the plaintiff; nor denying the statement of the defendant that shortly after the filing of the petition defendant had a conversation with the plaintiff at which the plaintiff stated that he knew all about the bankruptcy proceedings; that he had received notice from the defendant's attorney; and that he

had no cause to offer any opposition to the proceedings. On these affidavits the court below granted the motion to issue execution upon the judgment.

In the case of Morrison v. Vaughan, 119 App. Div. 184, 104 N. Y. Supp. 169, we held that although a plaintiff had no written notice of the bankruptcy proceedings, if he received notice derived from reading the newspapers or from a verbal communication from the defendant which gave him actual knowledge of the proceeding in bankruptcy within a short time after the filing of the petition, with an opportunity to have filed and proved his own claim or participated in a meeting of the creditors to join in an examination of the bankrupt and to participate in the first and subsequent dividends declared and paid, the debt was discharged by the discharge in bankruptcy. This ruling is based upon the case of Birkett v. Columbia Bank, 195 U. S. 345, 25 Sup. Ct. 38, 49 L. Ed. 231. Here the evidence is undisputed that the plaintiff's claim was scheduled, the only irregularity being the fact that the plaintiff was listed as "Louis" Cohen, instead of "Max" Cohen. Assuming that this was not sufficient under section 17 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3428]), the fact that after the proceeding was commenced the creditor had "notice or actual knowledge of the proceeding in bankruptcy" discharged the indebtedness. It is alleged in the defendant's affidavit that the plaintiff did have such notice and actual knowledge of the proceeding in bankruptcy shortly after the petition was filed, which was on or about the 12th day of September, 1905, and then stated that he had no cause to offer any opposition. The plaintiff did not deny this allegation, and makes no affidavit in reply, contenting himself with a mere statement by his attorney that the plaintiff's claim was not scheduled, which fact under Morrison v. Vaughan, supra, is entirely immaterial if the plaintiff had actual knowledge of the proceeding in bankruptcy. The debt, therefore, having been discharged, the liability of the defendant upon the judgment was also discharged, and the application for leave to issue execution upon the judgment should have been denied.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

CLARKE, HOUGHTON, and SCOTT, JJ., concur.

LAUGHLIN, J. I dissent on the grounds stated in my dissenting memorandum in Morrison v. Vaughan, 119 App. Div. 184, 104 N. Y. Supp. 169.