In the Matter of the Application of JULIUS E. SCHICK, a Bankrupt, Appellant, to Have a Certain Judgment in Favor of SAMUEL GOLDSTEIN, Respondent, Canceled of Record.— Order denying motion of appellant, Julius E. Schick, for an order, under section 150 of the Debtor and Creditor Law, directing the cancellation of record of judgments in respondent's favor against him, affirmed, with ten dollars costs and disbursements. The findings, to which no exceptions were taken, and the judgment entered thereon, from which no appeal was taken, show deliberate concealment by appellant Schick of the settlement with the railroad company, the collection from the railroad company of the moneys in which respondent had a one-half interest, and the wrongful and willful retention thereof, constituting a breach of trust and a willful and malicious injury to property of respondent. We are of the opinion that respondent's judgment comes within the exceptions recited in section 17, subdivisions 2 and 4, of the Bankruptcy Act,■ and was, therefore, not discharged by appellant's discharge in bankruptcy. Hagarty, Carswell, Scudder, Tompkins and Davis, JJ., concur.

MAX KAPLAN, Appellant, v. ISAAC COHEN, Respondent, and SARAH COHEN and Others, Defendants. (Action No. 1.) MAX KAPLAN, Appellant, v. ISAAC COHEN, Respondent, and SARAH COHEN and Others, Defendants. (Action No. 2.) — Actions to foreclose mortgages on real property. Judgments dismissing the complaints on the merits affirmed, with costs. In our opinion, the findings of usury at the inception of the mortgages, on September 16, 1925, are supported by the evidence. Hagarty, Tompkins, Davis and Johnston, JJ., concur; Lazansky, P. J., dissents and votes for reversal and a new trial on the ground that it was error to admit evidence as to the subsequent transactions respecting the extension agreements.