ERNEST W. OTTO, Appellant, *v.* CLARENCE LEVY and Others, Respondents, Impleaded with FREDERICK AZIZ, Defendant.

First Department, May 3, 1935.

*Eugene L. Bondy* of counsel [*Jerome F. Katz* with him on the brief; *S. F. & J. F. Katz*, attorneys], for the appellant.

*James A. Carney*, for the respondents Clarence Levy and Julius Levy.

*John J. Heckman* of counsel [*Albert G. McCarthy, Jr.*, with him on the brief; *John J. Heckman*, attorney], for the respondent Harry D. Thirkield.

O'MALLEY, J. Has a United States district judge, sitting in a civil suit in admiralty, the power to issue a body attachment to compel the attendance of a witness on whom no subpœna had theretofore been served? If not, is the attorney or proctor at whose request and suggestion the body attachment issued, liable in damages for malicious prosecution or false imprisonment? And if so, are the parties in the admiralty action who were represented by the attorney likewise liable? These are the questions presented.

The complaint was dismissed at the close of plaintiff's case as to the attorney, and at the close of the entire case as to the parties represented by the attorney in the admiralty suit. It was likewise dismissed as to the Deputy United States Marshal who executed the body attachment, but the appeal as to such dismissal has been withdrawn.

The defendants Levy were libelants in an admiralty suit in the United States District Court for the Southern District of New York, to recover for sea water damage to cargo consigned to them at New York from Hamburg, Germany. The defendant Thirkield was their attorney of record.

Prior to the commencement of the admiralty suit, the defendants Levy had been reimbursed for their damage by an insurance company which retained the defendant Thirkield to prosecute the Levys' claim against the carriers of the cargo. While the defendants Levy maintain that they were the nominal plaintiffs and that the defendant Thirkield had been hired by the insurance company which claimed to be subrogated to their right, it is to be noted that the action was instituted with the defendants Levy as libelants, that they verified the pleading and that Thirkield was their attorney of record. It is a fair inference that the institution of the suit in their name was pursuant to their obligations under the policy. The relationship of attorney and client, therefore, clearly obtained,

since the party of record is *dominus litis* with full control over his attorney of record. (*Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Matter of Newman*, 172 App. Div. 173, 180.)

In the admiralty suit it was incumbent upon the libelants to show that the water damage to the property had not been suffered before it had been loaded on the steamer at Hamburg. The defendant Thirkield desired, therefore, to establish that delivery of the merchandise at Hamburg to the steamer had been by land and not by water from the originating point in Germany.

When the case was on the day calendar the defendant Thirkield called upon plaintiff and interviewed him with respect to being a witness to prove that there was no water carriage before delivery to the steamer at Hamburg. The plaintiff was an assistant manager of a firm of freight forwarders who had participated in the shipment. Certain it is that, whatever testimony he could have given, he had no personal knowledge of the particular facts to be established. By checking on certain freight charges, however, he expressed the opinion that if German railway tariffs had not been changed from an earlier date, the shipment in Germany to Hamburg had probably been on land. Whether he said he could not testify since he would only be guessing on the point in question, or whether he expressed his reluctance so to do because an insurance company was involved, seems to be immaterial. At this interview no subpœna was served upon him directing him to appear at the trial as a witness on behalf of the defendants Levy.

The plaintiff's office was in the same building, but a few floors above the court rooms of the District Court. He claims that on the three business days between his talk with Thirkield and his arrest he was in his office on two of the days for a substantial time and that on the other day he was in Philadelphia on his firm's business. He maintains that no one called upon him to serve a subpœna or told him that he was being sought for that purpose. On the other hand, defendants' theory in this respect is that process servers were unable to find him.

Concededly, no subpœna was served upon him or left at his office. As to his being evasive, it should be noted that when the deputy marshal executed the body attachment he had no difficulty in finding plaintiff in his office. He was taken to the county jail, confined over night and produced in the District Court the next day; after testifying he was discharged from custody.

As part of the plaintiff's case herein, Thirkield testified that the plaintiff at the interview mentioned had stated he would not testify against the carrier on behalf of an insurance company, as he was doing business with the steamship company; that the

process servers reported almost hourly by telephone to Thirkield's secretary that they had not effected service of a subpœna on the plaintiff and that in their opinion he was evading service. Thirkield further testified that he had told these facts to the district judge and had stated to him that in his (Thirkield's) opinion, " it was a proper instance where a bench warrant might well be issued; " that the trial justice, after consulting with the clerk of the part, had directed the issuance of a bench warrant which he, Thirkield, prepared himself and gave to the marshal after he had procured it to be signed by the judge.

Following the dismissal at the close of plaintiff's case herein against Thirkield, the District Court judge testified to like effect on behalf of the defendants Levy.

In civil cases a body attachment to compel the presence of a witness may issue only upon a contempt or a charge thereof, unless otherwise authorized by statute. ( *United States* v. *Caldwell,* 2 Dall. 333; *Matter of Johnson & Knox Lumber Co.,* 151 Fed. 207; *Tebo* v. *Baker,* 77 N. Y. 33; *McCaulay* v. *Palmer,* 40 Hun, 38; *People* v. *Isaacs,* 209 App. Div. 836; 5 Jones Ev. [2d ed.] § 2291, p. 4466; 5 Chamberlayne Modern Law of Ev. § 3613; 1 Wharton Ev. [3d ed.] § 385.)

The distinction in this respect between civil and criminal cases is pointed out in the authority cited by the respondents herein (*Barry* v. *United States ex rel. Cunningham,* 279 U. S. 597). No authority for the issuance of a body attachment not predicated upon a contempt or a charge thereof in a civil case, much less a statute authorizing the same, has been called to our attention. The attachment herein, therefore, was wholly invalid and the court without any power to issue it under the circumstances. A clear distinction exists between a void and an irregular process. (*Fischer* v. *Langbein,* 103 N. Y. 84, 90; *Matter of Bradner,* 87 id. 171, 176.) The attachment was issued not only without authority but also upon the mere oral statements of the attorney as to facts which in this record are highly controverted. Even in case of a contempt or a charge thereof an attachment could not issue so informally. (*People ex rel. Barnes* v. *Court of Sessions,* 147 N. Y. 290, 295, 296; *Sona* v. *Aluminum Castings Co.,* 214 Fed. 936; 2 A. L. R. 225; 5 Jones Ev., *supra,* § 2291.)

It is no answer for the defendant Thirkield to state that he was only acting as an attorney or agent. An agent is not relieved from liability for a tortious act merely because he acts at the command of a principal or on his account. (Restatement of the Law of Agency, § 343.)

Here, the attorney was himself active and the procuring cause of the arrest, and not a mere passive agent. Under such circumstances if the attachment issued was a void process, the attorney is liable. (*Vernes* v. *Phillips*, 266 N. Y. 298; *Allen* v. *Fromme*, 195 id. 404; *Hewitt* v. *Newburger*, 141 id. 538; *Fischer* v. *Langbein, supra; Matter of Bradner, supra.*) Therefore, it was error to dismiss the complaint as to him.

Nor may the defendants Levy escape liability on the ground that the defendant Thirkield had been brought into the admiralty suit at the instance of the insurance company. They, as already pointed out, were named as parties libelant in that action and participated therein. In so doing they were but carrying out their obligations under the policy for insurance for aught that appears. As their attorney, Thirkield, was acting within the general scope of his authority, they are liable for his unlawful act in procuring an unauthorized body attachment executed upon the plaintiff. (Restatement of the Law of Agency, § 253; *Nowack* v. *Metropolitan St. R. Co.*, 166 N. Y. 433, 440; *Guilleaume* v. *Rowe*, 94 id. 268; *Poucher* v. *Blanchard*, 86 id. 256; Mechem Agency [2d ed.], § 2161.)

It follows, therefore, that the judgment appealed from should be reversed as to the defendants Thirkield and Levy and a new trial ordered as to said defendants, with costs to the appellant to abide the event.

GLENNON and UNTERMYER, JJ., concur; MARTIN, P. J., and TOWNLEY, J.: We are of the opinion that there is sufficient evidence to hold the defendant Thirkield liable for damages. We concur in the above opinion to that extent only.

Judgment reversed as to the defendants Clarence Levy, Julius Levy and Harry D. Thirkield, and a new trial ordered as to said defendants, with costs to the appellant to abide the event.