ADOLPH NOSSEK, Plaintiff, *v.* A. H. TODD & SON, GEORGE A. SPEENBURGH and GLEASON B. SPEENBURGH, Individually and Doing Business under the Firm Name and Style of SPEENBURGH & SPEENBURGH, Defendants.

Supreme Court, Trial and Special Term, Delaware County, September 23, 1936.

*Abraham H. Schwartz* [*D. George Paston* of counsel], for the plaintiff.

*Speenburgh & Speenburgh,* for the defendants.

PERSONIUS, J. This is an action to recover damages for false arrest.

In August, 1932, the defendant A. H. Todd & Son recovered a judgment in Justice's Court against the plaintiff for fifty-nine dollars and twenty cents. The defendants Speenburgh & Speenburgh were plaintiff's attorneys. The Justice's Court obtained jurisdiction by proper personal service. The judgment is claimed to have been in conversion, based upon the plaintiff's failure to account for the proceeds of consigned gasoline and oils sold by him.

In September, 1932, the plaintiff filed a petition in bankruptcy. He was adjudicated bankrupt and discharged on December 17, 1932. On July 31, 1933, the defendant George A. Speenburgh prepared a body execution on said judgment and either took or sent it to the justice of the peace who signed it. It was on the same day executed and the plaintiff was incarcerated in the county jail about three days. In habeas corpus proceedings before Mr. Justice MCNAUGHT he was discharged from custody August 8, 1933. The order in part read: " It appearing to the satisfaction of this Court by reason of said discharge in bankruptcy of the relator herein, that a body execution can no longer lie in execution of the judgment." Mr. Justice MCNAUGHT held that the judgment was in conversion but was dischargeable. Its validity as a judgment in *conversion* is still questioned by the plaintiff. Whether or not the decision in the habeas corpus proceeding is *res adjudicata* here (*People ex rel. Tull* v. *Tull,* 270 N. Y. 619), we also hold the judgment was in conversion but dischargeable in bankruptcy. (*Brown* v. *Garey,* 267 N. Y. 167; *Bank of Williamsville* v. *Amherst, etc., Inc.,* 234 App. Div. 261, 263.) The facts in *People ex rel.*

*Schick* v. *Quayle* (248 App. Div. 626) are quite different. (See *Matter of Schick*, 243 App. Div. 814.) In that case there was deliberate concealment and wrongful and willful conversion constituting a breach of trust.

What was the effect of plaintiff's discharge? " While the granting of a discharge is a function of bankruptcy court alone, the effect thereof is for any court in which it is duly pleaded or otherwise submitted for judgment." (*Matter of Havens*, 272 Fed. 975 [Second Circuit]; 1 Collier Bankruptcy [13th ed.], p. 597; *Matter of Weisberg*, 42 Am. Bank. Rep. 616, 619.) In this State at least, " A discharge in bankruptcy extinguishes the debt against the bankrupt. The judgment became extinguished, and the demands upon which it was rendered." (*Ocean Nat. Bank* v. *Olcott*, 46 N. Y. 12, 16; *West Philadelphia Bank* v. *Gerry*, 106 id. 467, 471; *Clark* v. *Rowling*, 3 id. 216; *Monroe* v. *Upton*, 50 id. 593.) An execution cannot issue on the judgment (*Cohen* v. *Pinkus*, 126 App. Div. 792), nor an order in supplementary proceedings. (*Leo* v. *Joseph*, 56 Hun, 644; opinion, 9 N. Y. Supp. 612.)

It follows that the body execution against the plaintiff was issued without lawful authority and the plaintiff's arrest thereunder was illegal. It constituted a false arrest. (*Deyo* v. *Van Valkenburgh*, 5 Hill, 242; cited in *Vernes* v. *Phillips*, 266 N. Y. 300; *Ruckman* v. *Cowell*, 1 id. 505; cited in *Ocean Nat. Bank* v. *Olcott*, 46 id. 16; *Sleight* v. *Leavenworth*, 5 Duer, 122.)

The defendants urge at length that, the justice having jurisdiction to render the judgment, false arrest cannot be based on the issuance of the execution. We think a distinction must be made between jurisdiction to grant and enter the judgment and the jurisdiction or power to issue the execution after the judgment had been discharged in bankruptcy. True, the judgment had not been " paid " but it had been as effectively discharged and extinguished. How can an execution be issued upon a judgment which no longer exists? This question is answered in the negative by the authorities already cited.

It appears that both the president of the defendant corporation and George A. Speenburgh knew of the plaintiff's discharge in bankruptcy, but ignorance thereof would be no defense here. (*Snead* v. *Bonnoil*, 166 N. Y. 325, 328; *Ruckman* v. *Cowell*, supra, 1 N. Y. 505, 506.)

The defendants argue that a discharge in bankruptcy must be pleaded as a defense. True, if opportunity is given, but the body execution here was issued without notice. The only affirmative step which the plaintiff could have taken was to apply, *after one year*, for cancellation of the judgment. (Debtor & Creditor Law,

§ 150, formerly Code Civ. Proc. § 1268.) The year had not expired. Furthermore, " The effect of an order on such a proceeding is not to discharge the judgment for that is already accomplished by the order in the bankruptcy proceedings. Its object is to remove a cloud from the record and procure the cancellation of the judgment on the record." (*Matter of Peterson,* 137 App. Div. 435, 440.) In *Leo* v. *Joseph* (*supra,* 56 Hun, 644; opinion, 9 N. Y. Supp. 612) such application had not been made but the court said (p. 614): " It is true that no such motion has been made, but that in no manner revives the judgment. * * * It in no manner authorizes the enforcement of the judgment discharged by bankruptcy proceedings."

There was evidence to support a finding that the defendant George Speenburgh, one of the attorneys for the judgment creditor, took the first step and caused the issuance of the body execution. This rendered him and his partner, the defendant Gleason B. Speenburgh, liable. (*Vernes* v. *Phillips,* 266 N. Y. 298; *Allen* v. *Fromme,* 195 id. 404; *Otto* v. *Levy,* 244 App. Div. 349, 352, 353; *Deyo* v. *Van Valkenburgh, supra; Sleight* v. *Leavenworth, supra.*) In *Ford* v. *Williams* (13 N. Y. 577), cited by defendants, the attorney merely carried out specific instructions of his client. In the present case the client told the attorneys to try and collect. He did not request the issuance of the body execution and was not told that it was to be issued. The client, as principal, is, nevertheless, liable for the attorney's act, though not specifically authorized. (*Guilleaume* v. *Rowe,* 94 N. Y. 268; *Otto* v. *Levy, supra,* 244 App. Div. 349, 353; *McLoughlin* v. *N. Y. Edison Co.,* 252 N. Y. 202.)

The legal expenses of plaintiff incurred in securing his discharge from arrest were a proper item of damages. (*Worden* v. *Davis,* 195 N. Y. 391; *Allen* v. *Fromme, supra,* 141 App. Div. 362.)

The defendants' motion for nonsuit and dismissal of the complaint, on which decision was reserved, is denied, with exception, and the motion to set aside the verdict and for a new trial is denied.