MAIN ELECTRIC CO. v. COHEN et al.

(Supreme Court, Appellate Term.   May 4, 1911.)

1. COURTS (§ 188*)—COURTS OF LIMITED JURISDICTION—MUNICIPAL COURTS—JURISDICTION—TORTS—"INJURY TO PROPERTY."

The Municipal Court of the City of New York has jurisdiction of an action for damages against an attorney for having falsely returned service of summons to plaintiff, upon which there was judgment and execution against the plaintiff, as for an "injury to property," which, as to the jurisdiction of the court, has been held to mean every invasion of one's property rights by actionable wrong.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*

For other definitions, see Words and Phrases, vol. 4, pp. 3619–3621.]

2. ACTION (§ 38*)—SINGLE OR ENTIRE CAUSE OF ACTION—KINDS OF INJURY FROM ONE ACT.

A complaint in an action for injury to property by making wrongful return of process, alleging injury to plaintiff's property, loss of time, and expense for fees of levying officer and for legal services, states only one cause of action, although various items of damages are recited.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

3. ATTORNEY AND CLIENT (§ 102*)—ATTORNEY'S AUTHORITY—LIABILITY OF CLIENT FOR INJURY TO ADVERSE PARTY.

Where an attorney conducts a suit in such a way as to be liable himself in an action for trespass, the client is also liable.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 91; Dec. Dig. § 102.*]

4. EXECUTION (§ 455*)—WRONGFUL EXECUTION—INJURY TO PROPERTY.

A complaint which alleges that one of the defendants brought action against plaintiff, and that the other defendant, as attorney, wrongfully and improperly caused a return to be made of the service of the summons and complaint upon the plaintiff, which service had not in fact been made, and that thereafter judgment was wrongfully entered against plaintiff, and that defendants wrongfully caused execution and levy, to the injury of plaintiff's property, and causing loss of time and the incurring of legal expenses, states a good cause of action on the case for an injury to property.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 455.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Main Electric Company against Moses Cohen and another. From an interlocutory judgment of the Municipal Court of the City of New York, sustaining defendants' demurrer to the complaint, plaintiff appeals. Reversed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Joseph J. Speth, for appellant.
Joel J. Shweitzer, for respondents.

GERARD, J. The learned court below held that the complaint did not state facts sufficient to constitute a cause of action. Plaintiff alleges that it is a domestic corporation, with its principal place of business in the borough of Manhattan; that about November 15, 1910, the defendant Hunnekes brought an action in the Municipal Court, through the defendant Cohen as his attorney, and that thereafter Cohen wrongfully and improperly caused a, return to be made to the court of due service of alias summons and complaint upon the plaintiff, which was returnable November 30th, notwithstanding the fact that such service had not been made, and that thereafter judgment was improperly entered in favor of said defendant Hunnekes against plaintiff for $314.50; that thereafter defendants wrongfully caused execution to be issued upon the said judgment, which execution was delivered to a city marshal, who made a levy on articles of plaintiff; that the goods were injured, plaintiff compelled to pay a fee to the marshal, to employ counsel, lose time, and pay for legal services. The complaint shows that the judgment was subsequently set aside.

[1] The Municipal Court had jurisdiction as for an injury to property, which has been held to mean every invasion of one's property rights by actionable wrong. Ghiglione v. Friedman, 115 App. Div. 606, 100 N. Y. Supp. 1024.

[2] Only one cause of action is recited, although various items of damages may spring from one and the same wrong. In Fischer v. Langbein, 103 N. Y. 84, 8 N. E. 251, it is stated:

"It cannot be disputed but that an attorney, who causes void or irregular process to be issued in an action which occasions loss or injury to a party against whom it is enforced, is liable for the damages thereby occasioned."

[3] And when the attorney conducts the suit in such a way as to be liable himself in an action for trespass, his client is also liable. Newberry v. Lee, 3 Hill, 523; Poucher v. Blanchard, 86 N. Y. 256.

[4] The complaint states facts sufficient to constitute a cause of action, which is based upon the return of service upon the plaintiff here of an alias summons, in an action where plaintiff here, defendant there, had not been served. The addition of the words "improperly" or "wrongfully" does not detract from plaintiff's cause of action, and it sets forth sufficient facts to entitle it to relief.

Interlocutory judgment reversed, and demurrer overruled, with costs, with leave to defendants to answer within six days, upon payment of costs in this court and in the court below. All concur.