Alan WEISSMAN and Vivian
Weissman, Plaintiffs,

v.

Irwin FRUCHTMAN, et al., Defendants.

No. 83–8958 (PKL).

United States District Court,
S.D. New York.

April 1, 1987.

Liebman, Adolf & Charme, New York City, for plaintiffs.

Peter L. Zimroth, Corp. Counsel, New York City, for defendants.

## OPINION & ORDER

LEISURE, District Judge:

The plaintiffs were the owners, as tenants by the entirety, of a housing structure located at 400–404 and 406 West 57th Street, New York, New York. The defendants are members of various administrative agencies of the City of New York. The instant dispute revolves around the alteration or destruction of the housing structure.

Plaintiffs have moved a second time pursuant to Rule 3(j) of the Civil Rules of this Court to reargue the Memorandum Decision and Order of Hon. Charles L. Brieant dated October 31, 1985. Judge Brieant's decision dismissed that portion of plaintiffs' Amended Complaint dealing with the city's denial of a demolition permit. Plaintiffs have previously moved to reargue the same decision, which motion this Court denied on May 21, 1986. Familiarity with Judge Brieant's decision of October 31, 1985 and with the Amended Complaint is assumed.

■ Motions for reargument and reconsideration are not a substitute for an appeal from the final judgment, but such motions are granted when new facts come to light or when it appears that controlling precedents were overlooked. In this motion the plaintiffs have introduced a new case, *Davidson v. Capuano*, 792 F.2d 275 (2d Cir.1986), discussed below, which was decided by the Second Circuit. Plaintiffs claim that this new case precludes *res judicata* arguments from barring the plaintiffs' claim in federal court. Defendants argue in opposition that the doctrines of *res judicata* (claim preclusion) and collat-

eral estoppel (issue preclusion) continue to bar plaintiffs' claim in federal court.

*Preclusive Effect of State Court Judgments*

■ Federal courts give a state court judgment the same preclusive effect that the judgment would receive in the state court. Title 28 U.S.C. § 1738 states that the "Acts, records and judicial proceedings ... [of any state] shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. This Court therefore affords the same preclusive effect to New York state court judgments as those judgments would receive in the state courts of New York.

*Res Judicata*

■ The doctrine of *res judicata* bars adjudication of a claim that arises from a cause of action that was adjudicated in an earlier proceeding. *Fay v. South Colonie Cont. School Dist.*, 802 F.2d 21, 28 (2d Cir.1986). *Res judicata* does not, however, bar a claim if the initial forum did not have power to award the full measure of relief sought in the later litigation. *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir.1986).

■ In the instant case, plaintiffs were unable to pursue all the remedies available under a § 1983 complaint in state court. Even though the state Article 78 proceeding involved many issues, including propriety of administrative action and of administrative procedure, it did not involve the issue of damages for civil rights violations. As the Second Circuit has noted, substantial New York authority indicates that civil rights claims for damages are inappropriate in Article 78 proceedings. *Giano v. Flood*, 803 F.2d 769, 770 (2d Cir.1986). Since the action at hand is a § 1983 claim for damages which the state Article 78 proceeding properly did not consider, the claim is not barred under principles of res judicata. *Davis v. Halpern*, 813 F.2d 37, 39 (2d Cir.1987) (Davis, J.).[1]

---

**1.** In the instant motion, plaintiffs have correctly

directed this Court's attention to *Davidson v.*

*Collateral Estoppel*

■ Collateral estoppel is a particular type of *res judicata* that precludes the relitigation of certain issues. Collateral estoppel (issue preclusion) bars a party in a previous suit from relitigating an issue of fact or law which was necessary to the judgment of the former suit, even if the former suit involved a different cause of action. *U.S. v. Mendoza,* 464 U.S. 154, 158, 104 S.Ct. 568, 571, 78 L.Ed.2d 379 (1984). Under New York law, collateral estoppel is applicable if

1) there has been a final determination on the merits of the issue sought to be precluded; 2) the party against whom issue preclusion is sought had a full and fair opportunity to contest the decision invoked as dispositive in the later controversy; and 3) the issue sought to be precluded by the earlier suit is the same issue involved in the later action.

*Davis v. Halpern, supra,* 813 F.2d at 39.

■ The facts of the case at hand satisfy each of the requirements of this three-prong test. First, there has been a final determination on the merits of the issue sought to be precluded. The administrative agencies decided to reject the plaintiffs' request for a demolition permit. The state court, evaluating allegations of inappropriate procedure and unequal treatment, upheld the administrative action.

Judge Brieant's opinion of October 31, 1985 states that the state court judgment in the Article 78 proceeding is a "final judgment on the merits on the demolition permit issue from the state court, which is subject to review only by direct appeal in the New York judicial system, followed by a petition for *certiorari* to the Supreme Court of the United States." Opinion, p. 4. Plaintiffs concede that the decision was final, based on the merits of the case.

Second, plaintiffs had a full and fair opportunity to contest the denial of the demolition permit. For purposes of collateral estoppel, state procedural requirements need only satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause. *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 481, 102 S.Ct. 1883, 1897, 72 L.Ed.2d 262 (1982). In *Kremer,* the defendant had filed an unemployment discrimination claim which the New York Human Rights Division (NYHRD) rejected as meritless. The Appeal Board of the NYHRD upheld the decision as "not arbitrary, capricious or an abuse of discretion." *Id.* at 464, 102 S.Ct. at 1888. The New York Supreme Court, Appellate Division, affirmed the decision. *Id.*

The U.S. Supreme Court noted in *Kremer* that "no single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause." *Id.* at 483, 102 S.Ct. at 1898. There the Supreme Court felt "no hesitation in concluding that this panoply of procedures, complemented by administrative as well as judicial review, is sufficient under the Due Process Clause." *Id.* at 484, 102 S.Ct. at 1899; *see also Brown v. Manufacturers Hanover Trust Co.,* 602 F.Supp. 549 (S.D.N.Y.1984).

Plaintiffs have failed to show how the procedures afforded them under New York law violate minimal due process requirements. Plaintiffs were able to present their own evidence, and to call, although not subpoena, their own witnesses. The Appellate Division of the New York Supreme Court reviewed the record and upheld the administrative decision. This Court holds that the administrative procedures met the minimal standards of due process required by the Fourteenth Amendment. *See Genova v. Town of Southampton,* 776 F.2d 1560 (2d Cir.1985).

Third, the issues sought to be precluded in the instant suit are the same as those decided in the state court. This "identity-of-issues" argues for the denial of relitigation. *Hill v. Coca Cola Bottling Co. of New York,* 786 F.2d 550, 553 (2d Cir.1986).

In the amended complaint in the state action, plaintiffs alleged that other persons

*Capuano, supra,* 792 F.2d at 275, which was cited in the parties' submissions as *Finkelstein v. Capuano.* Here the Court follows *Davidson,* as well as the more recent Second Circuit opinion, *Davis v. Halpern, supra.*

similarly or more unfavorably situated had obtained demolition permits. Judge Bruce M. Wright held, for the New York Supreme Court, that the administrative agencies did not abuse their discretion in denying an application for a demolition permit; the agencies had properly denied a permit at least in part, because plaintiffs had failed to provide a certificate showing vacancy of the building, which is a procedural requirement expressly stated in the New York City Administrative Code. The Supreme Court thereby rejected plaintiffs' equal protection argument.

In the action here, plaintiffs once again assert, without reference to comparative compliance with procedural requirements of the New York Administrative Code, that persons similarly or more unfavorably situated have obtained demolition permits. The issue is the same as in the prior state proceeding. Therefore, collateral estoppel bars this Court's consideration of the issue.[2]

### CONCLUSION

For the reasons set forth above, plaintiffs' motion to reargue is denied.

SO ORDERED.

---

2. Plaintiffs contend that the Article 78 proceeding did not include a claim for relief based on the City's refusal to order demolition, and that, therefore, collateral estoppel does not bar this issue. In the Reply Memorandum of Law in Further Support of Plaintiffs' Motion for Reargument, however, plaintiffs limit their motion for reargument to the denial of the demolition permit. Accordingly, this Court does not rule on the issue of the city's refusal to order demolition.