CAROLCO PICTURES INC., a
Delaware corporation,
Plaintiff,

v.

Howard B. SIROTA, an individual, Howard B. Sirota, P.C., a professional corporation, Stanley Block, an individual, and Does 1 through 100, Defendants.

No. 87 Civ. 4128 (RWS).

United States District Court,
S.D. New York.

Nov. 17, 1988.
As Amended Dec. 2, 1988.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City (Clifford Peterson, of counsel), Oberstein, Doniger & Fetter, Los Angeles, Cal., (Henry D. Fetter, of counsel), for plaintiff.

D'Amato & Lynch, New York City (Thomas F. Breen, of counsel), Mark B. Brenner, New York City, for defendants.

OPINION

SWEET, District Judge.

Defendants Howard B. Sirota ("Sirota") and Stanley Block ("Block") have moved for reargument of their motions for sum-

mary judgment on the complaint of Carolco Pictures, Inc. ("Carolco") denied by the July 6, 1988 opinion of this court, *Block v. First Blood Associates*, 691 F.Supp. 685 (S.D.N.Y.1988), familiarity with which is assumed. Block has also moved to renew his motion for summary judgment. The motions were opposed and finally submitted on August 5, 1988 and for the following reasons are denied.

*Rule 3(j)*

■ Local Rule 3(j) requires a party to set forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked." Motions for reargument "are granted when new facts come to light or when it appears that controlling precedents were overlooked." *Weissman v. Fruchtman*, 658 F.Supp. 547 (S.D.N.Y. 1987). The purpose of the rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Lewis v. New York Telephone*, No. 83 Civ. 7129, slip op. at 2 (S.D.N.Y. Jan. 29, 1986) [1986 WL 1441].

In support of their motion for reargument, Sirota and Block contend that the court failed to consider the clear and convincing standard of proof required by *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) in ruling on their summary judgment motion, and that *Matter of Yagman*, 796 F.2d 1165 (9th Cir.1986) requires that California law be applied to the privilege issue. In addition, Block argues that he is not liable for his attorney's conduct.

Defendants did not, however, cite *Matter of Yagman* in their prior memoranda, and although defendants cited *Anderson v. Liberty Lobby* for general principles of summary judgment, they did not contend that *Anderson* required application of the clear and convincing standard of proof on Carolco's libel claim. Finally, the Rule 3(g)

Statement submitted in support of the motion for summary judgment made no mention of a claim that Block was not liable for his attorney's conduct, and Block moved for summary judgment solely on the grounds advanced by Sirota.

Therefore, it would be appropriate to deny reargument on the ground that the requirements of Rule 3(j) have not been met. However, even if reargument were granted, it would be unavailing.

*The Libel Claim—The Standard of Proof*

■ *Anderson v. Liberty Lobby* concerned a summary judgment motion in a case governed by *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). In *Sullivan*, the United States Supreme Court held that First Amendment considerations required that proof of malice be established by clear and convincing evidence in public figure defamation cases. *New York Times v. Sullivan*, 376 U.S. at 285–286, 84 S.Ct. at 728–729. This constitutional requirement is not, however, at issue in the instant case, which concerns a common law qualified privilege under New York law, not a defense founded on the First Amendment. Therefore, *Sullivan* does not govern this case.

Under New York law, the qualified privilege claimed by defendants does not apply when an otherwise privileged statement is spoken with malice, knowledge of falsity, or reckless disregard for truth. *Loughry v. Lincoln First Bank, N.A.*, 67 N.Y.2d 369, 502 N.Y.S.2d 965, 968, 494 N.E.2d 70, 73 (1986). As Carolco has acknowledged, New York courts place the burden of proof of overcoming the privilege claim on the plaintiff. However, New York law does not require a plaintiff to come forward with a showing of "clear and convincing" evidence to overcome a common law qualified privilege claim. *See Park Knoll Associates v. Aphrodite Schmidt*, 59 N.Y.2d 205, 464 N.Y.S.2d 424, 451 N.E.2d 182 (1983).[1]

1. Even under the *Anderson v. Liberty Lobby* standard, Carolco made a sufficient showing to defeat this motion, for even if New York law required Carolco to present clear and convinc-

ing evidence for a fact finder to find malice in order to defeat the defendants' prior motion, the evidence presented by Carolco adduced evidence that defendants spread accusations

*Choice of Law*

■ Block and Sirota argue that a previously uncited Ninth Circuit decision applying California law in a defamation action, *Matter of Yagman*, 796 F.2d 1165 (9th Cir.1986), is binding on this court. As noted in the court's opinion of July 6, 1988, federal district courts must apply the choice of law rules of the transferor state —here, California's "government interest" analysis—in a transferred action. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *In re "Agent Orange" Prod. Liab. Litig.*, 580 F.Supp. 690 (E.D.N.Y.1984). *See also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 n. 8, 102 S.Ct. 252, 259 n. 8, 70 L.Ed.2d 419 (1981). This court is not, however, bound to apply an interpretation of California's state law rules enunciated by a federal court in the transferor district or circuit. Indeed, if this court were bound by Ninth Circuit decisions it would be compelled to retransfer and remand this case under force of *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1987), *cert. granted, —— U.S. ——*, 109 S.Ct. 54, 102 L.Ed.2d 32 (1988). In its July opinion, this court held that it was not so bound and defendants offer no authority to the contrary.

Ninth Circuit decisions on choice of law are not controlling precedent for this court. *See City Stores Co. v. Lerner Shops of Dist. of Columbia*, 410 F.2d 1010 (D.C.Cir. 1969); *United States v. Motte*, 251 F.Supp. 601, 605 n. 3 (S.D.N.Y.1966). *See also* 1B J. Moore, J. Lucas, T. Currier, *Moore's Federal Practice* ¶ 0.402[1] (2d. ed. 1988) ("The district courts ... owe no obedience ... to the decisions of the courts of appeals in other circuits."). This Court must apply California's choice of law rules, not the Ninth Circuit's understanding of those rules. California's "governmental interest" choice of law rules was applied by the July opinion in determining that New York law applied to the privilege defense. Any different result in *Yagman* is not binding on this court.

■ Even if *Yagman* were binding, however, it would not change the result here. In *Yagman*, the litigants failed to demonstrate that there was a difference between the laws of the two states, whereas here, both Carolco and Block and Sirota identified and discussed specific differences in the scope of the privileges recognized by the laws of New York and California. In reaching its decision, the court in *Yagman* stated that "it is axiomatic that, unless there is a difference between the laws of the states, a choice need not be made" and that the law of the forum should be applied. *Yagman*, 796 F.2d at 1170.

In addition, *Yagman*'s choice of California law as the appropriate choice of law in a defamation case did not consider or determine the possibility that New York law should be applied to the discrete issue of an affirmative defense of privilege. *Yagman* apparently determined that California law would apply to the issues in the action taken as a whole. Accordingly, *Yagman* did not consider the potential applicability of New York law to affirmative defenses, but not to other issues in the necessary case.[2] For these reasons, *Yagman* did not address, or decide, the specific choice of law issues raised by this case, and upon review by way of reargument the *Yagman* reasoning is rejected.

*Liability for Attorney's Misconduct*

Block raises an additional ground for reargument: that he is not liable for his attorney's misconduct. However, this claim was not raised as a ground for

---

against Carolco that were known to be false, and made demands on the company accompanied by explicit threats to injure and harm it. Thus, on this showing, a jury could find, by clear and convincing evidence, malice, knowing falsity and an attempt to injure Carolco.

**2.** Further, *Yagman* concerned statements by physicians in reference to judicial proceedings then pending in the State of California. Here, the conduct of a New York attorney, in connection with litigation contemplated or pending in New York, is at issue. Also, *Yagman* did not consider the California Supreme Court's holding in *Hurtado v. Superior Court of Sacramento County*, 11 Cal.3d 574, 579, 114 Cal.Rptr. 106, 522 P.2d 666 (1974) that California has no interest in applying its law when the result is to limit the liability of out-of-state tortfeasors and to defeat recovery by a California resident plaintiff.

Block's original motion for summary judgment. As the original moving papers show, Block moved for summary judgment shortly before the adjourned return date on defendant Sirota's earlier filed motion, "for the reasons set forth on the Memorandum of Law submitted by [the Sirota defendants]." The reasons advanced by the Sirota defendants for summary judgment did not include the argument that Block was not legally responsible for Sirota's conduct. As a result, Block's motion for reargument raises a new matter that was not "overlooked" by the court because it was never presented to the court in the first place.

 Moreover, under general principles of agency law, a principal is liable for the torts of his agent committed within the scope of his agency. This rule applies to the attorney-client relationship as to third parties injured by an attorney's torts. *Poucher v. Blanchard*, 86 N.Y. 256 (1881) (Court of Appeals). *See also Bridge C.A.T. Scan Associates v. Ohio–Nuclear, Inc.*, 608 F.Supp. 1187, 1197 (S.D.N.Y.1985) ("A client and his attorney stand in the relationship of principal and agent. As such, a client may be responsible for statements made for the purpose of aiding, and within the scope of, his legal representation.") (footnotes omitted). Further, it is no defense for Block to contend that he did not "authorize" his attorney to commit a tort. *Racoosin v. LeSchack and Grodensky, P.C.*, 103 Misc.2d 629, 426 N.Y.S.2d 707, 711 (1980). A principal is liable for the actions of an agent that are within the scope of apparent, as well as actual, authority. *American Soc. of Mech. Eng'rs. v. Hydrolevel Corp.*, 456 U.S. 556, 566, 102 S.Ct. 1935, 1942–1943, 72 L.Ed.2d 330 (1982). Block's attempt to avoid liability by disclaiming advance knowledge of Sirota's activities is, therefore, irrelevant to the issue of scope of agency that properly determines a principal's liability.

In addition, the evidence in the record raises a triable issue of fact as to whether Sirota's conduct was within the scope of his agency. Sirota testified as follows in deposition:

Q. At the time you had the conversation with Mr. Oberstein were you representing Stanley Block as an investor of First Blood Associates?

A. And intended to represent all the limited partners.

Q. And you were speaking to Mr. Oberstein in your capacity as attorney for Mr. Block?

A. Definitely.

Q. You communicated to the SEC in your capacity as an attorney for Mr. Block?

A. Yes.

Q. And you conducted or your office conducted the communications with Kaye, Scholer that we discussed yesterday in your capacity as attorney for Mr. Block?

A. Yes.

Q. Were all your activities in the fall of 1986 that you undertook as an attorney in connection with First Blood Associates or Carolco Pictures undertaken in your capacity as attorney for Mr. Block?

A. Yes. I had a client. My client had a claim and I was prosecuting it, in my professional judgment, to the best of my ability.

Q. Did you keep Mr. Block advised of your efforts on his behalf?

A. In a general sense, yes.

Deposition of Howard Sirota at 152–53. Therefore, defendants' motion for summary judgment is denied.

*Conclusion*

Defendants' motions for reargument of their motion for summary judgment are denied.

It is so ordered.