**ALLIED MARITIME, INC., Plaintiff,**

v.

**The RICE CORPORATION d/b/a The Rice Company, Defendant.**

**No. 04 Civ. 7029(SAS).**

United States District Court, S.D. New York.

Oct. 21, 2004.

---

Micheal E. Unger, Lawrence J. Kahn, Freehill, Hogan & Mahar, L.L.P., New York City, for Plaintiff.

Keith B. Dalen, Hill, Rivkins & Hayden, L.L.P., New York City, for Defendant.

### MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

On September 1, 2004, Allied Maritime, Inc. ("Allied") moved this Court on an *ex parte* basis for the attachment of funds owned by The Rice Corporation ("TRC") and held in various banks in New York. The Court granted the attachment pursuant to Rule B of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims. TRC then moved to vacate the attachment. Following a post-attachment hearing on September 24, 2004, and a subsequent hearing on October 6, 2004, the Court vacated the attachment in an Opinion and Order dated October 12, 2004. Allied now moves for reconsideration of that Order, asking that the Court vacate its judgment, or stay execution of the judgment pending discovery. In addition, by letter dated October 19, 2004, Allied urges the Court to stay the execution of its judgment, pursuant to Federal Rule of Civil Procedure 62(b), pending the disposition of Allied's motion for reconsideration, and any appeal therefrom. For the following reasons, the motion for reconsideration is denied, and the Court declines to exercise its discretion to extend the stay of judgment.

### I. LEGAL STANDARD

A motion for reconsideration is governed by Local Rule 6.3 and is appropriate where a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." [1] Alternatively, a motion for reconsideration may be granted to "correct a clear error or prevent manifest injustice." [2]

Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." [3] A motion for reconsideration "is not a substitute for appeal." [4] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, "to reargue those issues already considered when a party does not like the way the original motion was resolved." [5] The purpose of Local Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." [6]

---

1. *Range Road Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 392 (S.D.N.Y.2000) (quotation marks and citation omitted). *See also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) ("The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

2. *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.1983).

3. *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

4. *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F.Supp.2d 292, 296 (S.D.N.Y.2002) (quotation omitted).

5. *Houbigant, Inc. v. ACB Mercantile*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

6. *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988).

## II. DISCUSSION

Allied argues that the Court erred in requiring that Allied show a genuine need for security to justify the attachment. Remarkably, Allied does not point to a *single* legal authority for this proposition, or to *any* controlling authority or fact that the Court overlooked. Allied's motion therefore falls far short of the high standard required of a motion for reconsideration. Allied offers, instead, a mere recapitulation of arguments the Court considered and rejected in ruling on TRC's motion to vacate. The motion consists largely of rehashed attempts to distinguish the cases relied on in the Court's Order, or claims that those cases are "wrongly decided" or "of recent vintage."[7] Allied's arguments may be the basis for an appeal, but they are an entirely inappropriate basis for a motion to reconsider.

Allied's request that the Court stay execution of the Order while Allied takes discovery on TRC's financial stability, similarly, is nothing more than an attempt to use the motion for reconsideration to plug the gaps in its case. In its opposition to TRC's motion to vacate, and in two post-attachment hearings, Allied presented no basis to suspect that TRC is not able to satisfy an award against it, although this issue was squarely raised by TRC's motion. Allied did not attempt to controvert the affidavit of TRC's treasurer, stating that TRC's finances are more than sufficient to satisfy any award Allied might win. In response to this affidavit, Allied raised only the hypothetical possibility that TRC might—just as any business *might*—suffer a reversal of fortune. Despite the Court's express urging, Allied made no attempt to investigate TRC's assets during the two weeks between the two post-attachment hearings.[8] Allied had a full opportunity to make the required showing and failed to do so. There is no legitimate reason to subject TRC to further expense and inconvenience.

"That resolution also disposes of [Allied's] companion motion under Rule 62(b).... Rule 62(b) provides in pertinent part that a trial court has the discretion to stay execution or enforcement 'pending the disposition of a motion ... for relief from a judgment or order made pursuant to Rule 60....' Defendants' Rule 60 motion having been disposed of, Rule 62(b) has no office to perform."[9] Allied's request for a stay must therefore be denied as moot.

## III. CONCLUSION

Allied's motion for reconsideration is denied. The Clerk is directed to close this motion [# 23 on the docket sheet]. Allied's request for a stay pursuant to Rule 62(b) is denied.

SO ORDERED.

---

7. Memorandum of Law in Support of Motion to Reconsider at 4, 5, 9.

8. *See* Transcript of September 24, 2004 Hearing at 44; Transcript of October 6, 2004 Hearing at 3.

9. *SEC v. Breed*, No. 01 Civ. 7798, 2004 WL 1824358 at *13 (S.D.N.Y. Aug. 16, 2004) (quoting Fed.R.Civ.P. 62(b)). *See also Fallowfield Development Corp. v. Strunk*, No. Civ. A. 89–8644, 1993 WL 133326 at *5 (E.D.Pa. Apr. 28, 1993) ("Because this Court has now denied [the] Motion for Reconsideration, the Court lacks the authority under Fed.R.Civ.P. 62(b) to stay the execution of judgment."). Even if it were within the Court's discretion to stay the execution of judgment pending appeal of the present Order, as Allied requests, there would be no justification for doing so. Further delay would cause considerable harm to TRC. Allied has failed to show that it would be seriously prejudiced by the loss of the security represented by the attachment.