**Gustavo RAMOS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 08 Civ. 6455.**
**No. 03 Cr. 0870.**

United States District Court,
S.D. New York.

Sept. 24, 2008.

Order Denying Reconsideration
Oct. 9, 2008.

Luis E. Islas, El Paso, TX, for Plaintiff.

**DECISION AND ORDER**

VICTOR MARRERO, District Judge.

## I. *BACKGROUND*

Petitioner, Gustavo Ramos ("Ramos") filed the instant petition pursuant to 28 U.S.C. § 2255 (" § 2255") seeking to vacate, set aside or correct his sentence. Ramos was convicted of two counts of an indictment charging him and 13 co-defendants with participating in a conspiracy to import cocaine into the United States, in violation of 21 U.S.C. § 963, and to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The Court sentenced Ramos to a term of imprisonment of 230 months. On appeal, the Court of Appeals for the Second Circuit affirmed Ramos' judgment of conviction and sentence on April 17, 2007. *See United States v. Feliz–Ramirez,* 223 Fed. Appx. 33, 36–37 (2d Cir.2007). Ramos did not seek a petition for certiorari for review of his case by United States Supreme Court. Instead, Ramos filed the instant petition on July 18, 2008.

As grounds for relief Ramos alleges various instances of ineffective assistance of counsel. The Government, in a submission dated September 18, 2008, opposes Ramos' petition as being time-barred and otherwise without merit. For the reasons stated below, Ramos's petition is DENIED.

## II. *DISCUSSION*

### A. *STATUTE OF LIMITATIONS*

■ The Government points out that Ramos's application is untimely under the applicable one-year period for filing § 2255 petitions. *See* 28 U.S.C. 2255(f). The Court agrees. Here, because Ramos did not file a petition for certiorari, under Supreme Court Rule 13 Ramos's conviction became final on July 16, 2007, which is 90 days after April 17, 2007, the date the Court of Appeals affirmed this Court's judgment. *See* S.Ct. R. 13(1). The Docket Sheet for the case indicates that Ramos's petition was filed on July 18, 2008, although his counsel had previously corresponded with the Court seeking leave to appear in this action pro hac vice, which the Court granted and filed on July 14, 2008. On this record, Ramos's petition is therefore untimely. Moreover, nothing on the record suggests any extraordinary circumstance that prevented Ramos from filing on time, and that would provide sufficient grounds to warrant equitable tolling of the statute of limitations. *See Doe v. Menefee,* 391 F.3d 147, 159 (2d Cir.2004).

## B. *INEFFECTIVE ASSISTANCE OF COUNSEL*

Mindful of the strong preference in this Circuit to resolve actions on the merits rather than by procedural defaults, the Court has reviewed the substance of Ramos's petition and concludes that even if it had been timely filed, it nonetheless provides no meritorious grounds for relief and thus must be dismissed. Ramos claims that he obtained inefficient assistance of counsel prior to and during Ramos's conviction by entry of a guilty plea. Specifically, he faults his counsel for failing to: (1) attend all proffer sessions, (2) assess Ramos's prospects of achieving a cooperation agreement, (3) maintaining a record of Ramos's attempts to cooperate, and (4) warn Ramos against overstating his role in the charged conspiracy.

■ Upon review of the petition, the Government's response, the underlying record pertaining to Ramos's conviction and sentencing, as well as relevant authority, the Court is not persuaded that Ramos has satisfied the rigorous standard applicable under *Strickland v. Washington* to support a claim of ineffective assistance of counsel. *See* 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* requires a defendant claiming denial of counsel through deficient representation to satisfy two elements: (1) demonstrate that under prevailing professional norms counsel's performance reflected errors so serious as to fall below "an objective standard of reasonableness" which effectively deprived the defendant of a fair trial and a reliable result, *id.* at 687, 104 S.Ct. 2052, and (2) "affirmatively prove prejudice" from counsel's alleged deficient representation, *id.* at 693, 104 S.Ct. 2052; *see also Hernandez v. United States,* 202 F.3d 486, 488 (2d Cir.2000); *United States v. Aguirre,* 912 F.2d 555, 560 (2d Cir.1990).

Here, the Court finds nothing in Ramos's claims that supports either element of the *Strickland* test. In essence, Ramos faults his attorney for failing to obtain a cooperation agreement before Ramos actually met with the Government. But, as the Government notes, Ramos's contentions in this regard manifests fundamental misunderstanding of the process and the relevant considerations by which the Government, after proffer sessions with a particular defendant, determines whether any information provided is sufficiently truthful and complete, and whether cooperation would be valuable to the Government in the investigation of other individuals. In practice, that decision generally is not made until after numerous sessions between a potential cooperator and the prosecutor, and not every proffer necessarily leads to an agreement. Thus, the Government's rejection of an offer of cooperation, for reasons it may not always be able to articulate to the satisfaction of a defendant, cannot be charged to defendant's counsel as a basis for a claim of ineffective assistance.

Looking at the record before it as a whole, the Court is satisfied that the errors Ramos ascribes to his counsel cannot be deemed so serious as to fall below an objective standard of reasonableness. Nor is there anything in the record suggesting any fundamental unfairness or unreliability in the proceedings that resulted in Ramos's conviction, or that in any reasonable way could be attributable to the representation provided by Ramos's attorney.

Moreover, Ramos has failed to point to any part of his counsel's performance indicating that, but for deficient representation, there was "a reasonable probability that the outcome of the proceeding would have been different." *Mayo v. Henderson,* 13 F.3d 528, 534 (2d Cir.1994). The evidence the Government proffered during Ramos's plea, to which Ramos knowingly and voluntarily allocuted, demonstrated

sufficient evidence of Ramos' leadership role in the conspiracy and of his guilt of the offenses charged. Accordingly, Ramos is unable to demonstrate affirmative proof of prejudice by reason of any alleged deficiency in his counsel's performance.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion in the petition (Docket No. 1) of defendant Gustavo Ramos herein for an order to vacate set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

**SO ORDERED.**

## DECISION AND ORDER

### I. BACKGROUND

By Decision and Order dated September 24, 2008 (the "Order")[1], the Court denied the motion of petitioner Gustavo Ramos ("Ramos") to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and directed that this case be closed. The Court determined that Ramos's petition was untimely, and that in any event he had failed to establish that there was sufficient basis for the relief he requested.

Ramos now moves for an order pursuant to Local Civil Rule 6.3 granting reconsideration. For the reasons stated below, the motion is DENIED.

### II. STANDARD OF REVIEW

■ Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *In re Health Mgmt. Sys. Inc. Sec. Litg.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). "The provision for rear-

gument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). To these ends, a motion pursuant Local Civil Rule 6.3 ("Rule 6.3"), which governs requests for reconsideration, must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995).

Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Partners,* No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. *See Montanile v. National Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y. 2002); *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y.1999).

---

1. The Order is reported as *Ramos v. United States,* 580 F.Supp.2d 296, No. 08 Civ. 6455, 2008 WL 4443822 (S.D.N.Y. Sept.24, 2008).

## III. DISCUSSION

Ramos urges reconsideration on the basis of the same substantive arguments that were raised in the original motion. The motion at hand cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order. Indeed, the Court took into account and rejected the various arguments advanced in support of Ramos's claim of ineffective assistance of counsel that he asserts as grounds for the instant motion.

Because Ramos has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, Ramos's motion for reconsideration is DENIED.

Ramos asserts that even if the Court denies reconsideration, it should modify the finding in the Order that his petition was not timely filed. Although Ramos transmits copies of documents dated June 26, 2008 that he states were mailed to the Clerk of Court constituting Ramos's petition, including a copy of a check purported to be payment of the Court filing fee, the Clerk of Court has no record of having received any such documents, or of having received and deposited the filing fee check. Absent some compelling evidence of Ramos's filing of the application prior to the date indicated on the docket, there is insufficient warrant at this time for modifying the Court's finding regarding the untimely filing of Ramos's petition.

## IV. ORDER

For the reasons stated above, it is hereby

ORDERED that motion to petitioner Gustavo Ramos for reconsideration (Docket No. 199 filed under 03 Cr. 0870) of the Court's Decision and Order dated September 24, 2008, is DENIED.

SO ORDERED.